ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER BURNLEY, Individually and behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC,<br><br>Defendant. | **Case No.: 2:23-cv-7195**<br><br>**COMPLAINT FOR**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788.17** *et seq.* |

**PLAINTIFF'S PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Jennifer Burnley ("Plaintiff") files this Original Petition complaining of Defendant, Midland Credit Management, Inc. for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, CC § 1788.17 *et seq.* (hereinafter "RFDCPA") and in support thereof would show the Court as follows:

**JURSIDICTION AND VENUE**

1. Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff also asserts supplemental jurisdiction under 28 U.S.C. §1367.

2. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff Jennifer Burnley ("Plaintiff") is a natural person, who at all relevant times has resided in Richmond, Texas.

4. Defendant Midland Credit Management, Inc. ("MCM") is a business entity that regularly conducts business in Texas with its principal place of business as 350 Camino De La Reina Ste. 100, San Diego California and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

5. On a date better known to Defendant, Plaintiff Burnley allegedly incurred a debt.

6. The debt allegedly incurred was for personal, familial, and household purposes.

7. The existence of indebtedness, whether true or false, is the type of information that is highly personal in nature. No consumer (including Plaintiff) wants third parties to learn of the fact that the consumer may be an irresponsible debtor. The transmission of information informing unnecessary third parties to the fact that a consumer is in debt is embarrassing, humiliating, and undoubtedly creates reputational harm.

8. The debt, allegedly incurred by Plaintiff, was assigned to MCM for collections by the creditor.

9. MCM lawfully could and should have sent Plaintiff a debt collection correspondence. But instead of this, MCM employed the use of a third-party vendor ("TPLV") to send a letter to Plaintiff seeking to collect the alleged debt.

10. The letter to Plaintiff was sent on August 31st, 2022.

11. In order to issue the letter to Plaintiff, TPLV received the following pieces of information from Defendant:
    a. Plaintiff's name
    b. The balance of Plaintiff's alleged debt
    c. Plaintiff's address
    d. Plaintiff's creditor

12. TPLV has developed specific protocols for receipt of this data and application of this data into a form letter to be sent to the Plaintiff. TPLV's protocols ensure that it understands all the data identified in 11a-d, and applies the specific data into the proper data fields within its letter template.

13. TPLV also has specific quality control procedures, which include review of its letters printed by its employees, to ensure that the information received is properly applied to the correct data field within its template letter format. The existence of such quality control procedures is a known business practice amongst letter vendors. If not for this practice, there would be no oversight over printed letters, resulting in a significant number of errors.

14. As a result of Defendant's transmission of Plaintiff's data to TPLV, Plaintiff's information has been exposed to a third party that understands the data received and applies its quality control procedures to Plaintiff's data.

15. As a result of Defendant's transmission of Plaintiff's data to TPLV, employees of TPLV have the ability to access Plaintiff's personal and protected data.

16. Moreover, after the letter format is placed in an envelope for mailing, TPLV, with knowledge of the fact that each letter contained in these envelopes is a debt collection attempt, has its employees provide the letter to the United States Post Office for mailing. These employees have specific access to view Plaintiff's identity, with knowledge of the fact that Plaintiff is a debtor. Further, this part of TPLV's mailing procedure also has quality control procedures, to ensure that the name of the debtor, is properly placed on the envelopes issued. In Plaintiff's case, TPLV receives direct exposure to Plaintiff's name, and the fact that the letter sent to Plaintiff contains a debt collection attempt. In other words, TPLV and its employees have either explicit or implicit knowledge of the fact that Plaintiff is an alleged debtor.

17. The FDCPA prohibits any third party from receiving Plaintiff's data, beyond those parties delineated within the statutory framework to protect the consumer's privacy. The FDPCA prohibits Defendant from alerting any third parties not listed within the statute that Plaintiff is a debtor. Defendant's transmission of Plaintiff's data to TPLV, directly violates this Act.

18. In addition to the improper disclosure of information to TPLV, which on its face, subjected Plaintiff to improper disclosure to an unauthorized third party, TPLV's unnecessary and improper exposure to the data, created a substantial risk of harm to Plaintiff's privacy rights.

19. The Department of Justice has stated that, "even in the aggregate –vendors are often the source of data breaches, and use of vendors by debt collectors increases consumers' exposure to the privacy risks associated with data breaches." Feist v. Arcadia Recovery Bureau, LLC, Case No. 5:21-cv-2015 (E.D.Pa.) [ECF 25], p. 26 (citing Niket Nishant, *Morgan Stanley Faces*

*Data Breach, Corporate Client Info Stolen in Vendor Hack*, Reuters (July 8, 2021), http://perma.cc/D8XV-66C2).

20. One of the primary purposes of the FDCPA was to prevent improper disclosure to third parties, of Plaintiff's alleged debtor status.

21. By unnecessarily exposing Plaintiff's data to a third party, Defendant has acted in direct contrast to the statute. Defendant has drastically increased the likelihood of additional improper third party disclosures of Plaintiff's sensitive information.

22. The unnecessary exposure of Plaintiff's information, which substantially increases the likelihood of additional third party disclosures, Defendant has invaded Plaintiff's privacy rights in direct contravention to the protections established by the FDCPA.

23. In sum, Defendant's conduct harmed Plaintiff's right to privacy by two means. First, improper disclosure to TPLV itself, and second, the substantially increased likelihood (as per the Department of Justice itself) that Plaintiff's sensitive information would reach the hands of more improper third parties.

## CLASS ACTION ALLEGATIONS
### The Class

24. Plaintiff brings this as a class action on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA and RFDCPA pursuant to Fed. Civ. P. 23.

25. Plaintiff seeks certification of the following class, initially defined as follows:

**Vendor Class: All consumers residing within the United States that have received a letter from Defendant via a third-party vendor concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.**

26. Excluded from the Class is Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

27. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor.

## Numerosity

28. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

## Common Questions of Law and Fact

30. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated the provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

31. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

32. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

33. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

34. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

35. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

40. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

41. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein

42. Defendant's actions are in violation of 15 U.S.C. § 1692c(b).

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788.17 *et seq.*
### BY DEFENDANT

- 8 -

43. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

44. The Rosenthal Act, California Civil Code § 1788.17, requires every creditor attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

45. Defendant's collection attempts of the alleged debt violate 15 U.S.C. §§ 1692e, e(2), e(10), and 1692f, and thereby also violate the Rosenthal Act, California Civil Code §§ 1788.17, as well as any other applicable provisions.

46. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff respectfully request that this Court do the following:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages and actual damages for each named Plaintiff and each member of the class;

C. Award costs and reasonable attorneys' fees;

D. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

47. Plaintiff demands a jury trial on all issues so triable.

Dated this 30th day of August 2023.

///

///

- 9 -

1

2
3  Respectfully Submitted,
   /s/ *Robert Sibilia*
4
   ROBERT SIBILIA S.B.N. 126979
   Oceanside Law Center
5  P.O. Box 861
   Oceanside, CA 92049
6  Tel: (760) 666-1151
   Fax: (818) 698-0300
7  Email: robert@oceansidelawcenter.com
   Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25